UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY J. SPRINGER,

      Petitioner,

v.                                      Case No. 1:15-CV-808

MARY BERGHUIS,                          HON. GORDON J. QUIST

      Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITIONER'S HABEAS PETITION

This is a habeas corpus petition brought by state prisoner Anthony Springer pursuant to 28 U.S.C. § 2254. United States Magistrate Judge Ray Kent issued a Report and Recommendation (R & R), recommending that the Court deny Springer's petition, deny a certificate of appealability, and not certify that an appeal would not be taken in good faith. (ECF No. 27.) Springer filed objections to the R & R and also seeks to amend his habeas petition to include a gateway innocence claim. (ECF No. 32.)

Upon receiving objections to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and Springer's habeas petition should be denied.

**Analysis**

**I.     Objections**

Springer begins by generally objecting to the R & R for the reasons set forth in his Brief Memorandum of Law in Support of Petition for Writ of Habeas Corpus (ECF No. 2), and Brief (ECF No. 16). Springer filed both of these briefs before the R & R was issued. The Court interprets the reference to these other documents as a general objection. "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "In general, 'the failure to file specific objections to a magistrate's report constitutes a waiver of those objections.'" *Carter v. Mitchell*, 829 F.3d 455, 472 (6th Cir. 2016), *cert. denied sub nom. Carter v. Jenkins*, 137 S. Ct. 637 (2017) (quoting *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004)). The Court will address only the specific objections.

Springer brings five specific objections. First, Springer objects to the magistrate judge's statement that Calista's death was caused by "the chain and zip tie restraint." (ECF No. 27 at PageID.5120.) According to Springer, Calista's death was caused by an accidental house fire—not the restraints. The Court finds no error in the magistrate judge's statement. Although Calista died in the house fire, the restraints prevented her from escaping the house. Both the fire and the restraints contributed to Calista's death.

The next three objections relate to an entrapment by estoppel defense. Entrapment by estoppel exists "[w]hen a citizen reasonably and in good faith relies on a government agent's representation that the conduct in question is legal." *People v. Woods,* 241 Mich. App. 545, 548-49, 616 N.W.2d 211 (2000). Springer contends that Child Protective Services (CPS) and other

2

government officials approved the use of the restraints.  He argues that the magistrate judge erred by finding otherwise.  While CPS Supervisor Cynthia Bare and CPS Caseworker Patricia Skelding may have known or approved the use of restraints in 2004, the trial testimony establishes that they did not approve the specific restraint system that was used the night of the fire in 2008.  According to Springer's own testimony, he started using the new restraint system, which included a dog collar, only two or three days before the fire occurred.  (ECF No. 23-19 at PageID.3235.)  Thus, the magistrate judge correctly concluded that even if Skelding approved the use of restraints in 2004, they were not the same restraints used when the fire occurred in 2008.

Springer next objects to the magistrate judge's "complete deference" to the state trial court's factual findings. This objection is tied to Springer's claim that he received ineffective assistance of counsel when his attorney failed to investigate the entrapment by estoppel defense. In a habeas corpus proceeding, factual determinations made by state courts are presumed correct. 28 U.S.C. § 2254(e)(1). While a petitioner may overcome the presumption of correctness by clear and convincing evidence, Springer has failed to do so in this case.  He continues to focus on his belief that government officials approved the restraint system. But, as stated above, there is no evidence that any government official approved the specific restraint system that was used the night of the fire.  When addressing whether entrapment by estoppel was a viable defense, the trial court ruled that it would not have applied because "the government official never told [the Springers] that chaining their daughter to a bed with a dog chain and zip ties to the extent where she couldn't lift her body up even a half inch would be legal and would be allowed and there's no reasonable person that could believe that it could." (ECF No. 23-32 at PageID.3815.)  Springer's cherry-picked citations to the record do not rebut the presumption of correctness by clear and convincing evidence.

Springer also contends that the magistrate judge erred by finding that that the entrapment by estoppel defense arises under Michigan state law.  Although federal courts have recognized an entrapment by estoppel defense to federal offenses, *see United States v. Ormsby,* 252 F.3d 844, 851 (6th Cir. 2001), Springer was charged and convicted of violations of Michigan law in Michigan state court. The Court agrees with the magistrate judge that the state court's interpretation of the scope and viability of the entrapment by estoppel defense are state law issues. Furthermore, Springer has not shown that the state court's factual determinations were unreasonable or that the state court's decision was contrary to, or an unreasonable application of clearly established federal law.

Springer's final objection concerns whether the Court should grant a certificate of appealability. To warrant a grant of the certificate of appealability, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000). In the instant case, the magistrate judge found that reasonable jurists would not have come to a different conclusion. Springer disagrees and cites to the fact that at least one Michigan Supreme Court Justice would have granted Springer leave to appeal his conviction to the Michigan Supreme Court. (ECF No. 23-40.)  This Court is not persuaded that this fact has any bearing on whether to grant a certificate of appealability. The legal analysis in this habeas proceeding is significantly different from the legal analysis in state court.  The Court finds that reasonable jurists could not find that this Court's denial of Springer's claims were debatable or wrong. Thus, the Court will deny Springer a certificate of appealability.

4

## II.      Motion to Amend

Springer also requests to amend his habeas petition to include a gateway innocence claim. A gateway innocence claim is used to overcome a procedural bar to reach the merits of a constitutional claim.  *Schlup v. Delo*, 513 U.S. 298, 326-27, 115 S. Ct. 851, 867 (1995). There is no such procedural bar in the instant case. To the extent Springer intended to assert a freestanding innocence claim, the Sixth Circuit "has 'repeatedly indicated that such claims are not cognizable on habeas.'" *Smith v. Nagy*, 962 F.3d 192, 207 (6th Cir. 2020) (quoting *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007)). And even if such a claim were cognizable, Springer has not produced any new evidence. Nor has he met the "extraordinarily high" burden of proving his innocence. *Herrera v. Collins*, 506 U.S. 390, 417, 113 S. Ct. 853, 869 (1993).

### Conclusion

Having reviewed all of Springer's objections and finding no basis for habeas relief,

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 27) is approved and adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Springer's habeas corpus petition (ECF No. 1) is **DENIED** for the reasons set forth in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Springer's request to amend his habeas petition is **DENIED**.

A separate judgment will enter.

This case is **concluded**.


Dated: May 27, 2021                                    /s/ Gordon J. Quist
                                                  _____
                                                  GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE